Allen, J.
 

 This was an action for the recovery of the possession of premises, the title to which was claimed by the defendant. The premises were, at the time of the commencement of the action, in possession of the tenant of defendant, occupying under a lease for one year, with a privilege of occupying for three years, nearly one-half of the three years then having expired. The premises being occupied, the tenant of the defendant, the actual occupant, should have been made a defendant. (2 R. S., 304, § 3.) The action, although in form for the recovery of possession, is, in fact, for the deter
 
 *496
 
 mination of the title, and has superseded the ancient writ of right, and other real actions, and a judgment in the action is conclusive as to the title, as between the parties, and all claiming under them. (Id., 308, § 36.) The plaintiff might have joined the present defendant (the landlord) with his tenant, making both defendants in the action. (Code, § 118.) Or had the action been against the tenant alone, the defendant could have been made a party at his own request. (Id., § 122.) The rule, prior to the Code, was, that when an action was brought against a tenant for the recovery of the possession of lands, the landlord of such tenant might be made defendant, in case he should appear, or might, at his election, appear without such tenant, and the court would stay proceedings on judgment against the tenant until the trial of the issues with the landlord. (2 R. S., 34-1, §
 
 IT.)
 

 If the landlord, without seeking to make himself a party to the action, defended the action in the name of the original defendant (the tenant) unsuccessfully, he would be ordered to pay the costs of the plaintiff, upon the return of an execution against the defendant of record unsatisfied.
 
 (Farmers' L. & T. Co.
 
 v.
 
 Kursch,
 
 1 Seld., 658 ;
 
 Jackson
 
 v.
 
 Van
 
 Antwerp, 1 W. R., 295.) The defendant was the real party in interest; the term of the tenant has long since expired, and he has now no interest in the result of the action, even as a possessory action; and the defendant has had the opportunity, of which he has availed himself, of defending his title and the possession of his tenant, and has failed. The action was between the parties contesting the title, and to determine who had the better right,-and was, in truth, between the real parties in interest. (Code, §§ 111, 118.) The defendant was a proper party, and might have been made a defendant at the commencement of the action, without his action or consent, and in this respect the Code is an innovation upon the former practice, and he was a necessary party “ to a complete determination or settlement of the questions involved therein.” (Code,
 
 supra.)
 
 The tenant was a proper, and, it may be conceded, a necessary party, so long as his term and
 
 *497
 
 right of occupancy continued; but it was only really important to the plaintiff to bring him in, to the end that he might have a judgment and execution which would give him the possession. His presence was not essential to the defendant, to enable him to litigate the title to the land in controversy, and he might waive the omission to make him a party. He might have objected by demurrer that he was not made a party, if the defect appeared by the complaint, and by answer if it did not (Oode, §§ 144, 147); and not having taken the objection in either form, it was waived. (Id., § 148.) The defendant has, in fact, elected to appear and defend without his tenant, as would have been allowable under the Eevised Statutes.
 

 The question made upon the trial in the form in which it was presented, was not in the case.. The question was made as if the tenant was not only a necessary party, but as if he must have been the sole defendant, which was not the case, lie was only one of the two proper and necessary parties, the defendant being the other; and it was really a question as to defect of parties, and not as presented, whether a party had been made defendent who ought not to have been, and against whom no action could have been brought, either alone or joined with others.
 

 But there was no error upon the trial, to the prejudice of the defendant, of which he can complain. The jury have found that the defendant at the time of the service of the summons and complaint, told the plaintiff’s attorney, by whom the same were served, that he lived in, or was in possession of the house, and that ,on the faith of that statement the attorney served the summons and complaint on him. The testimony authorized the submission of the question in this form to the jury, and the verdict in pursuance of such submission. There was no complaint of the manner of submitting the question of fact to the jury. The objection is to the instruction as to the legal results of a finding of that question in favor of the plaintiff; and a very sharp point is now made, and was very forcibly presented by able counsel upon the
 
 *498
 
 argument of this appeal. But in the form in which it is made here, it does not appear to have been made on the trial, and very probably is the discovery of the counsel representing the appellant in this court. The judge charged the jury, that if they found as above stated, the defendant was estopped from denying that he was in the actual occupation of the premises at. the time of the commencement of the action, to which there was a general exception; and the defendant’s counsel also asked the court to charge, that the defendant was not estopped by the statement, there being no proof that the plaintiff acted on the faith of such admission, which was refused and exception taken. The first exception raised no question as to the technical elements of an equitable estoppel. The principle of an estoppel was stated in general form, as stated in many of the cases, and as usually stated when a precise and accurate definition is not called for; and if there was an omission of any particular quality of an estoppel, which the defendant thought it important to be noticed, he should have brought it to the notice of the court. Seeking to avail himself of a very technical objection not affecting the merits, he must himself be technically accurate in taking his positions. But the counsel acted in good faith, and his exception presents the only question he intended to make, to wit, that it. was not a case for the application of the doctrine of equitable estoppel. There is no good reason, however, why this should be made an exception to the rule. If by any act or declaration the plaintiff has been induced to omit making another a defendant with the present defendant, or has sued the defendant who. was. interested in the subject-matter of the controversy, instead of another having a subordinate interest, and who might have been sued, and has incurred costs, and •expenses, and been delayed in the prosecution of an action in •proper form, in which he might have recovered his property, and will be greatly the loser-if the defendant is now permitted to gainsay, his statements, the defendant should be concluded by his representations as in other cases, especially as •the real matter in controversy has been tried, and the only
 
 *499
 
 effect of permitting him now to contradict his statements will be to compel the plaintiff to pay him a large bill of costs and commence an action
 
 de novo
 
 against him to retry the questions at issue. Estoppels are allowed for the prevention of fraud, and that which will enable a party to keep the lawful owner of property out of possession for a series of years, and put him to great expense by a technical mistake as to the person to be pursued when the substantial party has been reached, is a fraud sufficient to support an estoppel. An action of ejectment was sustained by a landlord against a tenant upon the ground that the defendant was concluded by his admission, made before suit brought, that there was not sufficient distress on the premises to satisfy the rent.
 
 (Trustees of Presbyterian Congregation of Salem,
 
 v.
 
 Williams,
 
 9 W. R., 147; and see
 
 Abeel
 
 v.
 
 Van
 
 Gelder, 36 N. Y., 513. In
 
 Hall
 
 v.
 
 White
 
 (3 C.
 
 &
 
 P. 136), the defendant was held estopped from denying the possession of certain deeds and charters, and held liable
 
 in
 
 detinue, upon very slight statements in a correspondence, parts of a negotiation for a surrender of the deeds from which it was inferable, that he had at the time of writing the letters the custody or control of the documents. Best, C. J., almost in the language of the charge in this action, said :
 
 “
 
 If the defendant said that he had the deeds and thereby induced the plaintiffs to bring their action against him, I shall hold that they may recover against him, although the assertion was a fraud on his part. It appears by his letter that he did so say, and therefore I am of the opinion that the verdict must be for the plaintiffs.” The statement of the chief justice might have been open to criticism as a precise definition of an estoppel, but,-as in this case, it was a sufficient statement for the occasion, and it was not challenged at the time, and the case is a precedent for the application of the doctrine here. If the attention of the judge at the trial had been called to the fact that he had not stated all the requisites of an estoppel
 
 in pais
 
 with technical precision, the omission would
 
 *500
 
 probably have been rectified, although the substance would not have been changed.
 

 The authorities speak one language on the subject of estoppel
 
 in pans.
 
 The most that can be claimed is, that the declaration by which a party is to be concluded must be made willfully; that is, either with a knowledge of the facts upon which any right he may have depends, or with intent to deceive the other party. They must be. intended or calculated to influence the conduct of the party to whom they are made, and they must have in truth influenced his conduct in a manner by which he will be prejudiced, if the party making them is allowed to retract. For the prevention of fraud and damage to the innocent party, estoppels are allowed when these circumstances concur.
 
 (Copeland
 
 v.
 
 Copeland,
 
 28 Me., 525 ;
 
 Dezell
 
 v.
 
 Odell,
 
 3 Hill, 215.) The rule as laid down by Judge Bronson, in his dissenting opinion, in the case last cited, and as approved in
 
 Plumb
 
 v.
 
 Cattaraugus Mut. Ins. Co.
 
 (18 N. Y., 393), is in less stringent terms, and substantially as charged in this case. The same definition is reaffirmed in
 
 Brown
 
 v.
 
 Bowen
 
 (30 N. Y., 519). The defendant certainly knew whether he was in possession, and the declaration that he was in possession, if not intended, were calculated to influence the action of the plaintiff’s attorney, and did have that effect. Probably the defendant was entirely willing to occupy the position of defendant in form, as he would be the defendant in interest. He was concluded by his declaration, and by receiving and retaining the complaint without objection that he was not the proper party. The request to charge that there was no estoppel was based solely on the ground that there was no proof that the plaintiff acted on the faith of the admission. Hr. Smith had testified that he had acted upon it, and the jury have so found. There was no error on the trial, and the judgment must be affirmed.
 

 Church, Oh. J., Grover and Folger, JJ., concur; Peck-ham, J., dissents; Bapallo, J., not voting.
 

 Judgment affirmed.