BURR B. ANDREWS, RESPONDENT, v. THE ÆTNA LIFE INSURANCE COMPANY OF HARTFORD, APPELLANT.

*Life insurance company — when estopped from denying its former acts and pleas.*

In 1866 the plaintiff procured four policies of insurance on his life from the defendant, each having written therein a clause that it was agreed that the policy should be good, after three payments, for its equitable value.

In 1376 the plaintiff applied to the company for the equitable value of the policies, and was informed that they had no value, but that the company would return the notes given by him in part payment of the premiums. This refusal being persisted in, the plaintiff brought an action to recover the equitable value of the policies, in which the defendant put in an answer alleging that the clause was written in the policy by its agent, without its knowledge or authority, denied its liability thereon, and set up the amount due on the notes as a counter-claim.

The plaintiff paid the costs of the action, discontinued it, and brought this action, setting up the foregoing facts, the former action and the answer therein, and sought to recover the premiums paid. Upon the trial, the defendant offered to prove that the agent was authorized to insert the clause. *Held*, that the court properly ruled that it was estopped from so doing.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The plaintiff held four life policies, issued by the defendant in 1866. In each was a clause : " And it is agreed that this policy shall be good, after three payments, for its equitable value," and one contained the words, " at any time," after the word " good." Half of the premium was to be paid in cash and half in a note. In 1876, the plaintiff applied to the company for the equitable value of the policies, and was informed by their letter of July twenty-ninth that they would return his notes, but would make no other return. On the seventh of August, 1876, the plaintiff wrote to the company, giving a copy of the clause above set forth, and asking for the equitable value of his policy. And, again, on the twenty-fifth of October, he wrote, giving a copy of the clause, and asking what the equitable value was. To this they replied that the policies had no value beyond the return of the notes. On the fifteenth of December the company again wrote him that, if he declined to renew his policies, that ended the matter ; that the policies had no value beyond the return of the notes.

On the twenty-sixth day of December, 1876, the plaintiff commenced an action in this court against the defendant to recover the equitable value of the policies ; setting forth in the complaint the fact that the policies contained the aforesaid clause. On the same day the general agent of the defendants wrote the plaintiff, saying that if he demanded the equitable value the company would only return the notes, and further saying, that the written clause referred to was inserted without the authority of the company ; that the agent (if it was an agent) who wrote it exceeded his authority and the company were not liable ; and that agents were not allowed to change the conditions of the policy. This letter was not received until after the action had been commenced. The company again wrote, and this time through their secretary, on the fifteenth of January, 1877, repeating the statement that the clause was inserted without authority, and could not bind the company. The company then put in an answer in which, among other things, it averred that the agent, without the knowledge or consent of the defendant or its officers, wrote the said clause in the policies ; and that the terms so written in were not and are not a part of the

agreement, and constitute no part of the policies; and it further averred that the company had, by way of seeking peace, offered to pay the values in paid-up policies of insurance, and demanded a judgment of dismissal and a recovery for the amount of the notes.

After the action was thus at issue, the plaintiff discontinued it and paid the defendants its costs. Thereupon the plaintiff commenced the present action, setting forth the issue of the policies and the payment of the premiums, and his belief that the policies were duly authorized, the former action commenced by the plaintiff, the answer set up by the defendant that the clause was inserted without authority, and claimed to recover the moneys paid as premiums.

The defendant, in its present answer, averred that it believed it never did authorize the insertion of this clause, although the agent claimed that he was authorized.

On the trial the defendant offered to prove that the agent was authorized to insert this clause. The plaintiff objected, on the ground that the defendant was estopped. The company also proved that the policies had a value above the note.

The court held that the defendant was estopped from showing that the clause was inserted by its authority, and gave a decision for the amount of the premiums, and the defendant appeals.

*Isaac S. Newton*, for the appellant.

*R. A. Stanton*, for the respondent.

LEARNED, P. J.:

In considering the question of estoppel, we must notice that the only ground of action alleged by the plaintiff in the first suit is on the clause in question; and that the answer positively denies the validity of this clause. On that denial rests the defence, including the counter-claim. We have then the first element of an estoppel *in pais*, that of an assertion inconsistent with the proposed evidence or claim.

Next, we have the discontinuance of the former suit and the payment of the costs thereof, and the commencement of the present

suit; acts done in reliance of the defendants statements, both in its letters and in its pleadings. The defendant knew whether, or not, the insertion of the clause was authorized. It alleged that the clause was inserted without authority. The plaintiff acted on that assertion, both in the former discontinuance and in the present suit. In *Trustees* v. *Williams* (9 Wend., 147), a defendant in ejectment was held estopped by his admission, made when the declaration was served, that there was not sufficient property on the premises liable to distress. (See *Finnegan* v. *Carraher*, 47 N. Y., 493, and other cases there cited.)

And, lastly, it is scarcely necessary to say that the plaintiff will be injured by permitting the defendant to disprove its former assertion. He has lost the costs of the former suit and may be defeated in the present by the permitting of such proof.

Thus the three elements necessary to an estoppel, as defined in *Dezell* v. *Odell* (3 Hill, 215), are seen to exist in this case. (See, also, *Railway Co.* v. *McCarthy*, 96 U. S. Rep., 258.)

In answer the defendant asserts that it had recognized the policies as they now exist. There is no such evidence. The only communication from the office of the company, after the plaintiff had called their attention to this clause, is the letter of January 15, 1877, in which it repudiates the clause and says that it knew nothing about the clause until recently. The letter of the Syracuse agent says that agents are not allowed to alter or change the conditions of the policy. Certainly not, then, to give validity to a clause inserted without authority. There is no evidence then that the company accepted premiums, with the knowledge of the existence of this clause. And it denied such knowledge.

Nor did the company ever admit its liability on this clause. In order to induce the plaintiff to continue to pay them money, its secretary writes an elaborate letter to prove that the policies have no value, but that the company has great generosity. Yet that letter contains the positive assertion that the clause was inserted without authority. And this company now puts its own agent on the stand to prove that this assertion was false — that he was authorized by its own president to insert the clause. Whether the secretary willfully or carelessly made this statement, which the company now say was false, we do not know.

If the defendant (as it says the fact is), after having received the plaintiff's money for several years, discovered that the policies contained the clause in question, it had two courses before it. It might expressly, or by implication, accept the alleged unauthorized act of its agent, and might thus ratify it, or it might repudiate the act by disavowing the authority. It could not do both; and it chose to do the latter. It desires, however, to disavow the act so as to be relieved from paying the equitable value, and then to ratify the act so as to be relieved from repaying the money it has received. The judgment should be affirmed, with costs.

Present — LEARNED, P. J.; BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.