KATE DATER AND FRANK WILLSON, APPELLANTS, *v.* M. JOSIE WILLSON, FANNIE J. WILLSON, WILLIAM C. D. WILLSON, ANNIE J. DATER, M. FRANK DATER AND ALBERT C. COMSTOCK, RESPONDENTS.

*Probate of a will — only presumptive evidence of its validity so far as it affects real estate — an estoppel — it does not apply unless a party will be injured by the withdrawal of the former statement — waiver — not effective unless made with knowledge of rights.*

This action was brought by the plaintiffs, the only heirs-at-law of one Freiot, to recover certain real estate owned by her, in hostility to the provisions of what purported to be her will. By the alleged will the real property was devised to an executor, to apply one-half of the income thereof to the support of one of the plaintiffs for her life, the other half to the support of the other plaintiff. Upon their respective deaths the one-half of the estate so held for each was given to her children, all of whom were made defendants to this action, some of them being infants. After the decease of the testator the plaintiffs presented to the surrogate their verified petition describing themselves as legatees and praying for the probate of the will; the subscribing witnesses having been produced by them and proved the due execution of the will, it was admitted to probate, and the defendant Comstock, a creditor, was appointed administrator with the will annexed, the executor and trustee named therein having renounced. Subsequantly, upon the plaintiffs' petition, Comstock was appointed trustee by the Supreme Court and entered upon the discharge of the duties of his office.

The plaintiffs were present when the will was executed, well knew of its conditions and all the facts and circumstances connected with its production and proof before the surrogate; as to all things done by them they acted in good faith. Having subsequently related to Comstock what had been said and done at the time of the execution of the instrument, and being informed by him that, in his opinion, if the facts were as detailed, the will was worthless, they brought this action to recover the real estate. The referee found that they were estopped from questioning the validity of the will.

*Held,* that this was error.

That they were not estopped by the decree admitting the will to probate, as such decree was but presumptive evidence of the validity of the will in so far as it

affected real estate, nor did the fact that the probate was procured on their application at all affect the question as to its conclusiveness.

That they were not concluded by the order appointing Comstock as trustee to carry out the provisions of the will, as it adjudicated nothing as to the validity of that instrument.

That they did not by their conduct waive their right to claim in hostility to the provisions of the will, as they were ignorant of their rights at the times referred to.

That there was no estoppel by deed, as assuming that the will should be treated as such, its validity was assailed.

That there was no estoppel *in pais,* as it did not appear that any person had been induced, by their conduct, to so act as that he would be injured by the allowance of their present claim.

APPEAL from a judgment, dismissing the complaint, entered upon the report of a referee.

*James Lansing,* for the appellants.

*Eugene Hyatt,* for Comstock, respondent.

*King & Rhodes,* for La Mott W. Rhodes, guardian *ad litem* of infant defendants, respondent.

BOOKES, J. :

This is an appeal from a judgment directed by a referee dismissing the complaint, with costs.

The action was for the recovery of real property, brought by the plaintiffs, who were the children and only heirs-at-law of Hannah M Freiot, who died in August, 1881, seized of the premises in question. The claim of the plaintiffs is in hostility to the provisions of an instrument purporting to be the last will and testament of Mrs. Freiot, by the terms of which all her real property was devised to her executor therein named, in trust, to apply one-half the income therefrom to the support of her daughter, the plaintiff, Frank Willson, and her children, during her life, and on her decease the one-half of the property to go to her children ; and to apply the remaining half of the income to the support of the plaintiff Kate Dater and her children, during her life, and on her decease the other half of the property to go to her children. The defendants M. Josie Willson, Fannie J. Willson and William C. D. Willson, are the children of the plaintiff Frank Willson ; and the defend-

ants Annie J. Dater and Frank Dater, are the children of the
plaintiff Kate Dater; all of whom are minors except M. Josie
Willson. The defendant Comstock has been appointed adminis-
trator and trustee under the will, the executor and trustee therein
named having renounced.

The referee found the facts of the case as follows: that soon
after the decease of Mrs. Freiot the plaintiffs presented to the
surrogate their verified petition, describing themselves as legatees
named in the will, and praying for its probate; that they produced
the subscribing witnesses before the surrogate, proved the due
execution of the instrument, and it was thereupon admitted to pro-
bate as a will of real and personal property; that the executor and
trustee therein named having renounced, on the application of the
defendant Comstock, as creditor, and of the plaintiffs, he was
appointed administrator, with the will annexed; that soon there-
after the plaintiffs presented their verified petition to the Supreme
Court praying for the appointment of M. Comstock as trustee for
the purpose of carrying out and executing the trusts declared in
the will, and he was thereupon appointed such trustee and entered
upon the discharge of his duties as administrator and trustee, and
took possession of the property, real and personal, belonging to the
estate, and has continued to hold and manage the same with the
consent and approbation of the plaintiffs; that the plaintiffs were
present when the will was executed; well knew of its conditions
and all the facts and circumstances connected with its production
and proof before the surrogate; that the plaintiffs, as to all things
done by them, acted in good faith, and that prior to the commence-
ment of the action they related to Mr. Comstock what had been
said and done at the time of the execution of the instrument, and
were thereupon informed by him that, in his opinion, if the facts
were as detailed, the will was worthless, and that they afterwards
sought the advice of counsel and brought this action. As a conclu-
sion of law the referee found that the plaintiffs were estopped from
questioning the validity of the will, and declined otherwise to con-
sider the case. The only question brought before the court on the
appeal is, therefore, as to such estoppel.

The respondents' counsel insist, in the first place, that there was
here an absolute estoppel of record; that the plaintiffs were, on the

facts found, absolutely concluded by the decree of the surrogate admitting the instrument to probate as the last will and testament of Mrs Freiot. It is not to be disputed, of course, that, in general and in the absence of a statute affecting the subject, the judgment of a court having jurisdiction of the parties and of the subject-matter is conclusive between them as to all things determined by it. The judgment in such case imports absolute verity and closes finally all matters embraced in the adjudication. This doctrine of the law is too familiar to require citation of authorities in its support. But under our statutes the probate of a will before the surrogate, in so far as *real* property is affected by it, is but *prima facie* or presumptive evidence of its validity. (2 R. S., 60; Code of Civil Pro., §§ 2626, 2627; *Matter of Kellum*, 50 N. Y., 298; *Bogardus* v. *Clark*, 4 Paige, 623; *Bailey* v. *Hilton*, 14 Hun, 3, on p. 7; *Matter of Gouraud*, 95 N. Y., 256.) *In the Matter of Kellum*, Judge RAPALLO remarked as follows: " A will may be proved at one and the same time both as a will of real and personal property. The effect of the probate differs, however, as to each class of property. As to the real estate, the probate is not conclusive either as to the validity or due execution of the will. These questions may be litigated whenever rights to real estate claimed under the will are controverted." So Judge EARL says in *Matter of Gouraud :* " The probate of such a will " (a will of real estate) " is never conclusive ; and whenever title to real estate is attempted to be made under it, its validity may be resisted on precisely the same grounds that were litigated when it was admitted to probate, or upon any other grounds " Nor has the law in this regard been at all changed by the Code. It was said in the last case cited that " sections 2626 and 2627 give substantially the same effect to the probate of wills of real and of personal property as was provided in the Revised Statutes." (P. 261.) Nor does the fact that the probate was procured on the application and through the direct agency of the plaintiffs at all effect the question as to the absolute conclusiveness of the probate. Their action did not enlarge the power of the surrogate in the premises, did not make his adjudication anything different on the question of its conclusiveness as a record, than it would have been had the proceeding to prove the will been instituted and conducted by some other party. The decree, by whomsoever obtained,

remained under the law but presumptive evidence of what it declared in so far as real property was affected by it. Nor were the plaintiffs concluded by the order appointing Mr. Comstock as trustee to carry out the provisions of the will. This order adjudicated nothing as to the validity of the instrument. An adjudication concludes parties only as to the points embraced in it. Again, it is suggested that the plaintiffs, by their conduct, waived their right to make claim against the provisions of the will. But a waiver presupposes knowledge of an existing right and an intention to abandon or surrender it. The facts here disclosed do not, as we think, admit of an application of the doctrine of waiver to the plaintiffs' case. It is further urged that the plaintiffs are estopped by deed; that is, as we understand the counsel, that the will purporting to be formally and duly executed, should have the effect of a conveyance by Mrs. Freiot, hence should conclude the plaintiffs as privies in estate. But an estoppel by deed has its origin in a valid grant as against the grantor. Here the validity of the instrument is assailed. Its legal existence is denied. Until this question is settled it affords no basis on which an estoppel can be predicated.

The question still remains whether an equitable estoppel — an estoppel *in pais* — was established in bar of the plaintiffs' claim. The law of estoppel *in pais* and the principle on which it is based are fully and clearly stated by Judge BRONSON in *Dezell* v. *Odell* (3 Hill, 215). The learned judge there says that " when a party either by his declaration or conduct, has induced a third person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission, if the consequence would be to work an injury to such third person or to some one claiming under him. But as this doctrine may have the effect of shutting out the truth, and as the evidence upon which the estoppel arises is not always of the most satisfactory character, too much care cannot be taken in the administration of the rule to see that it is not allowed to work injustice. Before the party is concluded, it must appear (1) that he has made an admission which is clearly inconsistent with the evidence he proposes to give, or the title or claim which he proposes to set up; (2) that the other party has acted upon the admission, and (3) that he will be injured by allowing the truth of the admission to be disproved." This doctrine of the law has been repeatedly

stated in many other cases, but nowhere, perhaps, more clearly and tersely in its entirety than by Judge BRONSON in the above extract. Admitting the fact that the plaintiffs' statements and conduct in procuring probate of the will, and in obtaining the appointment of Mr. Comstock as administrator and trustee, were inconsistent with or in hostility to their present claim, how did this influence the action of the defendants or of either of them to their injury, in case the plaintiffs shall be permitted to gainsay their former action ? Indeed, have the plaintiffs' children, in fact, taken any action on the faith of the plaintiffs' statements and conduct ? Did they part, or have they parted with any property or right, or incurred any liability because of them ? It is said that they acquired rights because of the plaintiffs' action not before possessed by them which it is proposed to take away. This does not answer the requirements of their case. The question is this, were the defendants influenced in obtaining those rights by the plaintiffs' action and conduct ? Were their rights acquired under such influence ? Judge ALLEN says, in *Finnegan* v. *Carraher* (47 N. Y., 500), " they " (the declarations), " must be intended or calculated to influence the conduct of the party to whom they are made; *and they must have, in truth, influenced his conduct* in a manner by which he will be prejudiced if the party making them is allowed to retract." How the plaintiffs' children have been influenced in their action, as regards the matter in controversy by the plaintiff's conduct is not apparent, yet such influence constituted the foundation of their defense. We conclude that an estoppel was not here established in favor of the plaintiffs' children, nor do we think any was established in favor of Mr. Comstock. All that can be claimed in his behalf is that, through the plaintiffs' proceedings, he has been made administrator and trustee. He acquired by his appointment no personal rights in himself. His rights are but representative, such as the law has clothed him with for the benefit of others. As administrator and trustee he has no vested future rights in the subject of the suit. As is well said by counsel, the taking from him of his position as administrator and trustee will not deprive him of any pecuniary right which has accrued to him. He will be allowed all he is justly entitled to when called upon to account. If the above conclusions be sound, the judgment awarded on the ground

that the plaintiffs' action was barred by an estoppel must be reversed.

Judgment reversed, new trial granted, costs to abide the event, and referee discharged.

Present — LEARNED, P. J., LANDON and BOCKES, JJ.

Judgment reversed, new trial granted, referee discharged, costs to abide event.