[No. 12800. In Bank. — December 12, 1890.]

## THE CITY OF NAPA, RESPONDENT, *v.* J. H. HOWLAND, APPELLANT.

DEDICATION OF LEVEE AND STREET — DESIGNATION UPON CITY MAP — EJECTMENT BY MUNICIPAL CORPORATION — FINDINGS — EVIDENCE — REVIEW UPON APPEAL. — In an action of ejectment brought by a city, where the court finds that the land sued for had been dedicated by the owners for the use of the public as a levee and street, and the finding is sustained by the evidence, a judgment in favor of the city is supported by such finding; and a subsequent finding that the land, by the direction of the owners, had, after such dedication, been so designated on the maps of the city, is immaterial, and may be excluded from consideration upon appeal, although not supported by the evidence.

ID. — EVIDENCE — MAPS NOT MADE BY OWNER — WAIVER OF OBJECTION. — Where recorded maps produced upon the question of dedication are admitted subject to further proof that they were made and recorded by a real owner of the land, or for a limited purpose as explanatory diagrams, objection is waived if there is no motion to strike them out for want of further evidence, and no exception is taken to their admission, and they are referred to on the argument of the case by both parties in considering and discussing their effect as evidence on the question of dedication.

ID. — MAP MADE AT REQUEST OF OWNER. — A map made and recorded at request of a former owner of the premises is admissible as evidence against his grantees upon the question of dedication by the former owner.

ID. — DEDICATION FOR PUBLIC "LANDING" — "LEVEE." — Evidence showing a dedication of land for a public landing will support a finding of a dedication as a public levee and for street purposes. The word "levee," as applied to portions of the public highways bordering on navigable streams and sloughs in interior cities and towns, has the same meaning as landing.

ID. — DEDICATION BY MEXICAN GRANTEE — ESTOPPEL — AFTER-ACQUIRED TITLE. — If it be assumed that the owner of an unconfirmed Mexican grant had no title to the lands at the time he dedicated a levee and street to public use, he and his grantees are nevertheless estopped from

denying the fact of dedication; and a title subsequently acquired by confirmation of the grant by the board of land commissioners and patent from the United States feeds the estoppel.

Ejectment — Parties — Landlord and Tenant — Action against Landlord — Demand of Possession — Admission. — Where the defendant in an action of ejectment, upon being served with a notice demanding possession of the premises, admitted that he held possession of the property, but refused to surrender it, it is not necessary that a tenant from month to month, to whom he had rented the property, be made a party defendant to the action.

Appeal from a judgment of the Superior Court of Napa County, and from an order denying a new trial.

The land in controversy was included within the exterior boundaries of a tract deeded to Nathan Coombs on the 6th of December, 1848, by one Nicholas Higuera, a grantee of the Mexican government. The Thompson map referred to in the opinion was a recorded map of a portion of the city of Napa, made by the county surveyor for Joseph B. Thompson on the 22d of April, 1857, and was allowed in evidence subject to being supported by the evidence as to whether it was made by a real owner of the premises in controversy. The Pierce maps referred to in the opinion consisted of a recorded map of Napa City and additions, made in 1869 by W. A. Pierce, surveyor, and another recorded map, entitled "Revised map of the city of Napa and surroundings, 1879, compiled and drawn by W. A. Pierce." The latter maps were objected to as not being made by any owner of the lands, but were admitted without objection, for the limited purpose of explaining the relative location of other diagrams. All the maps were referred to on the argument of the case. Further facts are stated in the opinion of the court.

*F. E. Johnston,* and *M. M. Estee,* for Appellant.

*O. R. Coghlan,* for Respondent.

Paterson, J. — This is an action of ejectment. The main question involved in the issues is, whether the lands

in controversy have ever been dedicated for the use of the public as a levee and street. The court found, from the evidence, that the property was dedicated to public use by the owners thereof about the year 1850, and that ever since said dedication the land has, by direction of the owners of the fee thereof, been designated and represented on the maps of the city of Napa as public streets and levees; that the public used the same exclusively until March 1, 1875, when defendant, without authority or right, ousted plaintiff therefrom, and has ever since wrongfully held exclusive possession of the property. The plaintiff had judgment against defendant for the possession of the lands, but the defendant was permitted to remove his warehouses and fences.

1. The evidence on behalf of the plaintiff is ample to support the finding as to dedication.

2. The court found (finding 2) that the land had been dedicated by the owners, Coombs and others. This was the ultimate and essential fact; and the subsequent finding, that the land, by direction of the owners, had, *after such dedication,* been designated on the maps of the city, was a finding upon an immaterial matter, at least upon a matter that was not controlling. The latter finding may be excluded as not supported by the evidence, and yet the judgment will be supported by the finding upon the question of dedication. The maps were not necessary to support the finding of dedication. The evidence of the acts and declarations of Coombs was sufficient to show a dedication.

3. If it be assumed that Coombs had no title at the time he dedicated the property, he and his grantees are nevertheless estopped from denying the fact of dedication. His claim was confirmed by the board of land commissioners in April, 1854, and a patent was issued to him in 1866. His newly acquired estate "feeds the estoppel." (Goddard on Easements, 95, and cases cited

in note; Tyler on Ejectment, 725, 726; Washburn on Easements, 62.)

4. When the city marshal served a notice on defendant, demanding that he deliver up possession of the premises, the defendant admitted that he held possession of the property, and said he would not surrender it. This testimony of the marshal was not contradicted by defendant. The premises were in possession of a tenant of defendant under a letting from month to month. Under these circumstances it was not necessary that the tenant be made a party defendant. (*Finnegan* v. *Carraher*, 47 N. Y. 497.)

5. It is claimed that the court erred in its ruling in regard to the Thompson and Pierce maps. If the evidence necessary to render them proper for consideration under the ruling of the court was not produced by plaintiff, the defendant ought to have moved to strike them out. Instead of calling the attention of the court, when plaintiff rested its case, to the fact that there was no evidence showing that the former owners of the land had made, filed, or adopted the maps, counsel for defendant, in the argument of the case, considered and discussed the effect of the maps as evidence on the issue of dedication or no dedication. Therefore if it be assumed that there was, at the time that the maps were offered and admitted in evidence, an express and binding understanding between counsel and the court such as is claimed, we think that the failure to move to strike them out, and the manner in which they were treated by counsel in the argument, constituted a waiver of the limitation. Furthermore, there is no exception in the record upon which error can be predicated. There is no ruling which we can review.

The court did not err in admitting the map called "Plan of Napa City, filed for record at the request of Nathan Coombs."

6. It is said that the evidence does not support the

finding of dedication "as a public levee and for public street purposes," because it shows a dedication, if any, for a public *landing.*

It matters but little what name is given to the place, so long as the fact appears that it was dedicated for public use. "A landing is a bank or wharf to or from which persons may go from or to some vessel in the contiguous water." (*State* v. *Graham,* 15 Rich. 310.) The word "levee," as applied to portions of the public highways bordering on navigable streams and sloughs in the interior cities and towns of this state, has the same meaning as *landing.*

The judgment and order are affirmed.

Fox, J., Works, J., McFarland, J., and Sharpstein, J., concurred.

Rehearing denied.