(6 App. Div. 50.)

### CRAWFORD v. ORMSBEE et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

ESTOPPEL—STATEMENTS THAT HAVE BEEN ACTED ON.

The devisee of a life estate, to whom, in consideration of a statement that he had "no claim against the estate," the other beneficiaries under the will executed a quitclaim deed giving him the fee in the land devised, is estopped afterwards to assert a claim against the estate.

Appeal from judgment on report of referee.

Claim by Addison Crawford against Elizabeth C. Ormsbee and Clarence Ormsbee, as executors of the last will and testament of John A. Crawford, deceased, to recover for services rendered to decedent during the last six years of his lifetime. The claim was rejected by the executors, and was referred under the statute. The referee found for defendants, and ordered that the claim be dismissed, with costs. Judgment was entered accordingly, and plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

William F. O'Neill, for appellant.
Albert H. F. Seeger, for respondents.

HATCH, J. The referee found that among the inducing causes for the execution of the deed of the farm, in which plaintiff had a life interest, and by which he became vested with the fee, was the statement that he had no claim against the estate. This finding was supported by the testimony. It was undisputed that plaintiff was dissatisfied with the division of the estate made by the will of his father, and he sought to produce a more favorable condition in this regard by inducing the other legatees under the will to quitclaim to him their interest in the farm; and, to this end, it appears that he threatened a contest of the will when offered for probate. On the morning when the will was to be probated, he met the executors, one of whom was vested with the remainder of the farm in which plaintiff was given the life interest, and requested that a quitclaim deed be executed to him. Thereupon the reversioner, Mrs. Ormsbee, said to plaintiff, "Before I execute this deed, I want to know if you intend putting in a claim against the estate," to which plaintiff replied, "I have no claim against the estate." Mrs. Ormsbee and her husband testify that, in consideration of this statement, they executed the deed. Plaintiff's attention was called explicitly to this testimony and the interview at which the claimed statement was made, and he was asked if any such conversation took place, to which he replied: "I do not recollect anything about it. I don't think there was anything said about a bill against the estate at that time." This answer did not constitute a denial of the testimony. On the contrary, it impresses the mind as being evasive of the question. It was an important transaction in which the parties were engaged. They were en-

deavoring to produce a condition which should be satisfactory to the plaintiff, and at the same time to avert any attack upon the descent of the property under the will.  The desire of the executors was to compose all of the matters, and prevent disturbance of the descent.  That was what the parties were met for, and it is highly improbable that plaintiff would not have recollected a conversation so pregnant of results to him if it had taken place, or but that he could have stated positively that it did not take place if such was the *fact.  His recollection upon all other subjects connected with the transaction was clear, and his failure in memory in this respect leads us to the conclusion that plaintiff was not willing to deny what had evidently taken place.  The referee found that this statement was one of the inducing causes which led to the execution of the deed which enlarged his life estate to a fee simple absolute, and, in consequence, plaintiff was estopped from making any claim against his father's estate.  We think the referee was clearly right in this finding, and in his conclusion of law based thereon.  The transaction contained all the essential elements of an estoppel in pais.  The admission was clearly inconsistent with his present attitude and testimony and the claim which he asserts.  The executors acted upon the truth of this admission, and executed the deed; and, if the claim be now allowed, damage will be suffered by a diminution of the estate, and consequent injury to the residuary legatee, Mrs. Ormsby, who executed the deed.  These conditions have uniformly been held sufficient to create an estoppel.  Dezell v. Odell, 3 Hill, 215, dissenting opinion by Bronson, J., approved in Finnegan v. Carraher, 47 N. Y. 493; Trustees v. Smith, 118 N. Y. 634, 23 N. E. 1002; Kingsley v. Vernon, 4 Sandf. 361.  The same doctrine is also recognized and applied in many other cases.  Stillings v. Haggerty (Sup.) 12 N. Y. Supp. 813, affirmed, on appeal, 126 N. Y. 638, 27 N. E. 411; Continental Nat. Bank v. National Bank of the Commonwealth, 50 N. Y. 575.

The judgment appealed from should be affirmed, with costs.  All concur.