[S. F. No. 379.    In Bank.—February 9, 1898.]

## CITY AND COUNTY OF SAN FRANCISCO, Respondent, v. MRS. ELLEN GROTE, Appellant.

DEDICATION OF STREET—EJECTMENT BY MUNICIPAL CORPORATION—OWNERSHIP OF FEE IMMATERIAL.—If a street has been dedicated to public use, the municipal corporation in which it is situated may maintain ejectment therefor, regardless of the fact whether the corporation owns the fee, or whether it is retained by the adjoining proprietor who dedicated the street to public use, and who is defendant in the action.

ID.—HOMESTEAD—POWER OF HUSBAND.—Where a homestead has been declared, the husband has no power to dedicate any part of the homestead premises to public use, no matter how clearly his intention so to do may appear.

ID.—INSUFFICIENT PROOF OF DEDICATION BY WIDOW—ABSENCE OF INTENTION—USER NOT SUFFICIENT PROOF.—A dedication by the widow after the death of the husband is not sufficiently proved, where her intention to dedicate the land to public use is not clearly manifest; and the mere facts that the land was used by the public for travel for about eight years, without either consent or objection upon her part, and that during the lifetime of her husband he erected a house upon the rear of the lot fronting upon the strip of land in dispute, the steps of which occupied four feet thereof, and that this house remained in the same position during her ownership and possession, do not indicate dedication upon her part.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

Harry T. Creswell, City and County Attorney, for Respondent.

GAROUTTE, J.—This action is brought by the city to recover the possession of a small tract of land twelve and one-half by thirty-five feet, being a strip, of the aforesaid dimensions, forming the rear end of the lot of defendant. It is claimed by the city and found as a fact by the trial court that such strip had been dedicated by the owner to the public as a highway or street. Two material questions are raised by this appeal: 1. Can the city and county of San Francisco maintain ejectment for the recovery of the possession of a public street, without showing ownership of the land in fee? 2. Does the evidence show a dedication of the strip of land in dispute to the use of the public for street purposes?

While there may be a difference of opinion existing in the courts of other states upon the question, we think the doctrine should be held settled in this state that ejectment can be maintained for the recovery of the possession of a street dedicated to the public use by the owner of the fee. In *Visalia v. Jacob,* 65 Cal. 434, 52 Am. Rep. 303, this court declared: "It is true an action of ejectment may be maintained by a municipal corporation for the recovery of the possession of a street wrongfully possessed by an individual, whether the corporation owns the fee, or the adjoining proprietor retains it. In the latter case, the right of the municipality to regulate the public use, and for that purpose to possess, use, and control the property, is treated by the courts as a legal and not merely an equitable right." The same doctrine is reiterated *in extenso* in *Southern Pac. Cc. v. Burr,* 86 Cal. 283. Although the facts there presented were somewhat different, the principle of law involved was the same, and the case is direct authority upon the legal issue here raised. In *Eureka v. Armstrong,* 83 Cal. 623, ejectment was successfully maintained to secure the possession of streets dedicated to the use of the public by the owner in fee, opposing counsel not even raising the objection that the remedy pursued was not authorized by the law. The same conditions are presented in *Eureka v. Fay,*

107 Cal. 166. In *Napa v. Howland*, 87 Cal. 84, the right of recovery in ejectment was sustained, and a rehearing was denied, although at all stages of the litigation it was insisted by defendant that the proper remedy for plaintiff was not ejectment. Dillon on Municipal Corporations, third edition, section 662, and Elliott on Roads and Streets, pages 321, 322, fully support the doctrine of the California cases we have cited. *Wood v. Truckee Turnpike Co.*, 24 Cal. 487, is not in point, and especially is this true after the limitations and construction placed upon it by the decision in *Southern Pac. Co. v. Burr, supra*. It may be conceded that a naked right of way, an easement in its simplest form, a mere right to pass over the land of another, is a thing so intangible and unsubstantial as to be insufficient to support an action of ejectment. But here the right of the city goes far beyond that. The city has the right of exclusive possession, a right to disturb the soil, a right to grade and otherwise improve the street in many ways. In other words, more than a mere right to the use of a street passes to the public by dedication; in addition to the right of use there passes such an interest in the land as is necessary for the enjoyment of that use by the public.

In 1871, when the title to this land passed from the city to defendant's husband, he placed a homestead upon the lot. The defendant was at that time his wife. Grote died in the year 1889. During this period of eighteen years he did and said various things indicating to some extent an intention upon his part to dedicate the tract of land in dispute to the public for street purposes. But during all this period the declaration of homestead rested upon the premises, and under such circumstances the wife at all these times had an interest in the realty which the husband could not take away from her by any act of dedication upon his part. By reason of the prohibition declared by section 1242 of the Civil Code, the husband could neither convey nor encumber this land. It may at least be said that, if a dedication by the husband was established, an encumbrance thereafter rested upon the land. Indeed, if the city by acts of dedication upon the part of the husband can be vested with an interest in the realty so substantial as to support an action in ejectment, and the court so holds, then we have no doubt that such interest is so substantial as to form a burden upon the wife's rights, which are extended

to her by the aforesaid section of the code. For these reasons there was no dedication of this land for a public use prior to the husband's death, for it was not in his power to dedicate, however clear his intention so to do may appear.

It is further claimed that a dedication occurred as evidenced by the acts of the wife subsequent to the death of the husband. We fail to find any evidence justifying such a conclusion. It is not a trivial thing to take another's land, and for this reason the courts will not lightly declare a dedication to public use. It is elementary law that an intention to dedicate upon the part of the owner must be plainly manifest. Here there is no such manifest intention. No single act of the defendant can be pointed out so indicating. For a period of about eight years, without either consent or objection upon her part, the land was used by the public generally for travel, and this was all. During his lifetime the husband erected a tenement upon the rear of the lot fronting upon the strip of land in dispute, the steps occupying four feet thereof. This house remained in the same position during the ownership and possession of the defendant; but there is nothing in these facts indicating dedication upon her part.

For the foregoing reasons the judgment is reversed and the cause remanded.

Van Fleet, J., and Harrison, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment of reversal upon the second point discussed in the leading opinion relative to the homestead right. I think, however, that the case is within the old and well-established rule that ejectment will not lie for the disturbance of a right of way or other easement. Two decisions of this court are mainly relied on: *Visalia v. Jacob*, 65 Cal. 434; *Southern Pac. Co. v. Burr*, 86 Cal. 285. In the Visalia case, the only question before the court was whether a private citizen can acquire title by adverse possession to land which had been dedicated to public use as a street; counsel there made no question as to the proper remedy; and what the court said about ejectment was incidental and unnecessary, and was not the result of the consideration of a point raised and argued by counsel. In *Southern Pac. Co. v. Burr, supra*, the decision evidently went upon the theory that the estate which the railroad company had

in the strip of land two hundred feet wide granted by Congress was something more than a mere right of way. The point is not discussed or referred to in the opinion in either *Eureka v. Armstrong*, 83 Cal. 623, *Eureka v. Fay*, 107 Cal. 166, or *Napa v. Howland*, 87 Cal. 84. If, in the latter case, the point was made on petition for rehearing the court may have refused to consider it because not made at the proper time. If a public street or road be unlawfully obstructed, there are ample remedies for the wrong; and, in such case, there is no necessity of trying to use the action of ejectment for purposes to which, in its very nature, it is not applicable.

Henshaw, J., concurred.

Rehearing denied.