## Forés, Demandante y Apelado, v. Balzac, Demandado y Apelante.

### Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización.

No. 2144.—Resuelto en marzo 17, 1921.

Daños y Perjuicios por Libelo—Libelo ''Per Se''—Causa de Acción.—El calificativo de ''chanchullero'' imputado a un abogado y notario en relación con un asunto en que actuó como tal, en una oficina en donde se registran los títulos de propiedad en que dicho abogado notario interviene, y al alcance y oído del registrador y empleados del registro, que oyeron la imputación y se dieron cuenta de su significado, es accionable *per se,* porque tiende clara y necesariamente a destruir el crédito profesional del repetido abogado y notario.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogados del apelado: *Sres. Benito Forés y José Sabater.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Benito Forés Morazo demandó a Galo Balzac Faria en reclamación de diez mil dólares por daños y perjuicios. Alegó en su demanda que era un abogado y notario en activo ejercicio desde 1902, bien conocido y muy solicitado en la ciudad de San Germán, P. R.; que el 26 de julio de 1918 fué al registro de la propiedad y allí el demandado, sin motivo justificado, en voz alta y en tonos destemplados, dijo, dirigiéndose al demandante:

''Aquí estoy viendo los chanchullos que usted, (señalando al demandante) y don Alfredo han hecho, como están acostumbrados a hacerlo; se quedó don Alfredo con los desvíos y se creían que don Adolfo era eterno.''

El demandante explica que el demandado maliciosamente quiso decir con tales frases lo que sigue:

''Que este demandante, como abogado y notario público es un pillo y comete en su profesión manejos ilícitos especialmente para lucrarse en perjuicio de sus clientes y de otras personas, que este demandante y don Alfredo Ramírez, se han confabulado para lucrarse

en perjuicio de los bienes de don Adolfo Ramírez de Arellano e indirectamente de los bienes de la esposa del demandado, heredera de dicho don Adolfo Ramírez de Arellano; que este demandante está acostumbrado a cometer tales pillerías y manejos ilícitos; que por medio de tal confabulación y conspiración entre este demandante y don Alfredo Ramírez, éste se había robado todos los desvíos al practicarse la división de la hacienda 'Isabel Josefa,' en el expediente sobre tutela e incapacidad seguido ante esta corte por Camila Ramírez, otra heredera de don Adolfo Ramírez, bajo el No. 6319 de esta corte; que tal confabulación y conspiración había de quedar impune porque don Adolfo Ramírez de Arellano estaba incapacitado, y no había de morir en mucho tiempo, pero habiendo ahora ocurrido el fallecimiento de don Adolfo, se descubriría la confabulación; que la suerte para este demandante y don Alfredo Ramírez era que la corte, refiriéndose a esta corte de distrito, había aprobado dicha división, que de otro modo ya estaría impugnada.''

Alegó además el demandante que ''las dichas frases fueron proferidas por el demandado, estando presentes Emigdio S. Ginorio, Registrador de la Propiedad de San Germán, el oficial del registro Enrique Báez, y los escribientes Manuel Martín y Francisco Delgado, quienes oyeron perfectamente dichas frases y se dieron cuenta de su significado;'' que al oir las indicadas frases el demandante ''quedó anonadado, confuso y avergonzado, produciéndole gran sufrimiento moral por ser deprimentes para el demandante en su profesión, y en su reputación profesional; y aún se siente avergonzado y adolorido moralmente.'' Y que ''el demandado vertió esas frases contra este demandante, voluntaria y maliciosamente y con el objeto de molestar, vejar y perjudicar como le ha perjudicado gravemente, en su reputación profesional, conociendo que tales imputaciones son falsas y que con tales imputaciones difama y denigra y ha difamado y denigrado a este demandante, dando a la publicidad en la ciudad de San Germán tales imputaciones falsas que han llegado a oídos de su numerosa clientela produciendo de este modo y desde entonces, bastante paralización en sus negocios profesionales, con perjuicio moral y mate-

rial y pecuniario a este demandante que estima en la suma de diez mil dólares.''

La demanda es jurada. En su contestación, también jurada, el demandado admitió los hechos relativos a las partes y a su encuentro en el registro de la propiedad con el demandante. Alegó que se encontraba en el registro ''examinando, en los libros correspondientes, las inscripciones que se habían verificado con motivo de la partición de la mencionada hacienda 'Isabel Retiro,' y en tal momento encontrándose el demandado muy excitado porque según su mejor información esa partición de bienes la había efectuado el demandante haciendo todo el favor posible al condueño y cliente suyo don Alfredo Ramírez * * * dijo * * * : Viendo aquí estos chanchullos, porque se han dado gusto'' y alegó además que profirió esas palabras en términos generales, en un momento de calor o de ira sin que fueran oídas por otras personas y sin que las palabras tuvieran la tendencia ni él la intención de injuriar al demandante quien salió del registro contento, y no sufrió perjuicio o desprestigio alguno en su profesión.

Fué el pleito a juicio. La corte oyó la prueba presentada por ambas partes y dictó sentencia en favor del demandante por la suma de quinientos dólares, con más las costas, gastos y desembolsos.

Contra esa sentencia interpuso el demandado el presente recurso de apelación alegando que la corte había errado ''al dictar sentencia declarando con lugar la demanda, ya que la prueba es insuficiente para sostener ese pronunciamiento.''

Las alegaciones de la demanda apreciadas en conjunto muestran que las palabras se dirigieron al demandante en su carácter profesional, y si pudiera observarse alguna deficiencia en la demanda, tendría que concluirse que fué subsanada por la contestación y por la prueba que demuestra que el demandado pronunció dichas palabras en el momento

y en el sitio y·al alcance de las personas indicadas en la demanda, que las oyeron, pudiendo deducirse de ellas mismas y de los antecedentes de la cuestión, puestos también de manifiesto por la prueba, que fueron pronunciadas por el demandado no bajo las circunstancias que concurrieron en el caso de *Palou* v. *Ríos*, 23 D. P. R. 363, invocado por el demandado, sino dándose éste cuenta de lo que hacía y con la intención de herir al demandante en su reputación profesional en la forma explicada en el innuendo que dejamos transcrito, habiendo sido así entendidas por lo menos por el registrador que había practicado las inscripciones que examinaba el demandado.

La palabra "chanchullo" se deriva de "chancha" que significa "embuste, mentira, engaño" y en sí misma quiere decir, según el diccionario de la Real Academia Española, "manejo ilícito para conseguir un fin y especialmente para lucrarse." Vulgarmente, según declaró el testigo Ginorio, Registrador de la Propiedad de San Germán, quiere decir "una cosa mal hecha, una cosa que no está correcta."

Sobre el significado de dicha palabra declararon también los abogados Oscar Souffront y Juan Alemañy, así: El primero:

"El sentido lato de la palabra chanchullo, tal como la entiende cualquier persona dentro de todas las esferas sociales, tal como lo entiende tanto una persona ilustrada como una persona iliterata, significa un acto delictivo cometido en combinación con otra persona, cualquier acto que realmente manche la honradez de una persona; un chanchullero es una persona en la cual no se puede tener confianza, porque falta la honradez en todos sus actos."

Y el segundo:

"Por chanchullo se entiende una mistificación de los actos de un abogado, hechos incorrectos en que un abogado ha intervenido."

La imputación de chanchullero, que según el Diccionario citado se aplica a la persona "que gusta de andar en chanchullos", hecha a un abogado y notario en relación con un

asunto en que intervino como tal y en una oficina en donde se registran los títulos de propiedad en que dicho abogado y notario interviene y al. alcance y oído del jefe y empleados de dicha oficina, es accionable por sí misma, porque tiende claramente a destruir el crédito profesional del repetido abogado y notario.

Resumiendo Cyc. la jurisprudencia, expresa:

"Por regla general puede decirse que las palabras vertidas por escrito o de palabra pueden ser denunciadas si tienden directamente a perjudicar o causar daño a alguna persona en su profesión, oficio o negocio. La naturaleza punible de la imputación está en el hecho de que perjudica a la parte en su negocio o profesión, y por consiguiente no es necesario que las palabras contengan una imputación contra el denunciante como individuo en particular lo que sería punible dejando a un lado la cuestión de su negocio o profesión. * * *

"Una imputación difamatoria de palabra o por escrito que afecte a un abogado en su profesión es por sí denunciable." Véase 25 Cyc. 326 y 333.

Como punto de partida para un estudio más completo y amplio de las cuestiones que pudieran tal vez suscitarse pero que no lo han sido, en este litigio, véanse los casos de *People* v. *Ritchie*, 42 Pac. 209, la nota al caso de *Newton* v. *Grubbs*, 48 L. R. A., N. S., 362, y *Harris* v. *Zanone*, 93 Cal. 59, 64.

Estudiando cuidadosamente todo este caso puede deducirse que el demandado era en efecto un hombre, como lo describió su propio perito, neurasténico, que se imaginó que había sido injustamente perjudicado en sus intereses por el demandante, y que, sin prueba de ninguna especie, injurió en la forma fuerte y agresiva que se ha descrito al dicho demandante imputándole actos que de ser ciertos en realidad de verdad perjudicarían en gran manera la reputación personal y profesional del demandante. Se observa también que el demandado ha sentido lo que ha hecho y ha tratado de explicarlo de la mejor manera que ha podido. Eso no obstante, su injuria quedó en pie y como la suma de quinien-

tos dólares fijada como indemnización por la corte no es excesiva, opinamos que debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF.

Sostengo que la demanda no determina una causa de acción. La única alegación que en la misma se hace y en la cual ni siquiera se alega remotamente que las palabras empleadas fueron pronunciadas respecto al demandante en su capacidad profesional está contenida en un *innuendo* y por tanto no es una exposición de hechos ni se hace bajo juramento. El *innuendo* es solamente una interpretación o calificación de los hechos y jamás una exposición de hechos. El oficio de un *innuendo* no es nunca imputar hechos. Los anteriores principios fueron enunciados por el Juez Presidente Sr. Shaw en un antiguo caso de Massachusetts aunque no puedo en el momento encontrarlo y deberé pedir al recopilador que luego lo incluya. Las autoridades que sostienen los anteriores puntos de vista son *Pollard* v. *Lyon,* 91 U. S. 233; *Grant* v. *Dreyfus,* 120 Cal. 62; *Mellen* v. *Times Mirror,* 140 Pac. 277; *Legg* v. *Dunleavy,* 50 A. R. 512; *Mundy* v. *Hart,* 46 Mo. 46; *Watson* v. *Detroit Journal,* 52 L. R. A. (N. S.) 480. Estos casos indican que si las palabras no son necesariamente libelosas *per se* es por medio de un *inducement* y no de un *innuendo* que debe hacérseles aparecer así.

Las palabras de la demanda no eran por su faz libelosas *per se* toda vez que no hacían referencia al hecho de que el demandante era un abogado o a que los actos que se le imputaron fueron cometidos en su capacidad como tal abogado. Como las palabras imputaban una confabulación entre dos personas para cometer fraudes, si los actos impu-

tados pudieron haberse realizado por personas no profesionales y ''don Alfredo'' no era un abogado, algo debió haberse alegado para demostrar que las palabras se referían a algún acto ejecutado por el demandante independientemente de ''don Alfredo.'' La presunción sería que ''don Alfredo'' no era un abogado.

Los hechos corroboraron las dudas que tengo. No se demostró que alguna persona hubiera entendido las palabras en el sentido de que se referían al demandante en su capacidad de abogado. El demandado se encontraba examinando los libros del registro, imputándole fraudes al demandante y a ''don Alfredo.'' Pero los fraudes se cometen por toda clase de gente y si algunos se descubren en el Registro de la Propiedad y un abogado interviene en ellos no existe presunción de que los fraudes fueron cometidos en su capacidad profesional como abogado o siquiera como notario.

Para que las palabras de esta naturaleza sean libelosas *per se* deben ser dichas respecto a una persona con relación a su oficina, profesión, comercio o negocios, y deben atacar su habilidad, conocimiento o su conducta oficial o profesional. Cuando ellas sólo contienen una imputación general que es igualmente perjudicial para cualquier persona de quien pudieran decirse no son libelosas *per se* a no ser que se demuestre su aplicación especial al carácter profesional del demandante. Newell sobre Libelo y Calumnia, sección 175; 25 Cyc. 327, notas 75, 76, 77 y 78.