CHARLES H. STODDARD, as Executor, etc., of JULIA ADELIA ACKER, Deceased, and as Successor in Interest of Said Decedent, Appellant, v. LEROY R. STODDARD, Defendant, Impleaded with ALICE NIELSEN, Respondent.

Third Department, March 5, 1941.

*Charles H. Stoddard,* for the appellant.

*McPhillips, Fitzgerald & McCarthy* [*Thomas J. McCarthy* of counsel], for the respondent.

HILL, P. J. Appeal by the plaintiff from a judgment dismissing his complaint in an action brought under the provisions of the Civil Practice Act (§ 990) to recover real property and for damages for withholding possession. The decision recites that " Neither the plaintiff nor any ancestor, predecessor or grantor of the plaintiff, was seized or possessed of the premises covered by these alleged encroachments or any part thereof, within fifteen years before the commencement of this action."

The trial of the issue as to the extent of the encroachment, if any, was commenced before a jury. At the close of the evidence, each party moved for a directed verdict, the jury was discharged and time given the parties for filing briefs. Thereafter the case was reopened on defendant's motion and documentary evidence received upon the issue of whether the action had been commenced within fifteen years after the date of the encroachment. (Civ. Prac. Act, § 34.) By an amendment the opinion of the trial court was made the decision. The evidence taken upon the trial is not in the record, but the decision recites, " It seems fair to state that the encroachment is, in any and all events, comparatively, not extensive." The encroachment, if any, began when a building was constructed. I quote from the decision: " Assuming this garage building was erected by the defendant, LeRoy R. Stoddard, in 1922, since he parted with title to said premises by deed dated July 11, 1922, it must fairly be concluded that its construction, so far as the alleged encroachments are concerned, was completed before that date. Obviously, the adverse possession of the defendant Nielsen and her predecessors commenced on or before that date."

The summons and complaint in the action were served upon LeRoy on June 16, 1936. The trial court decided that although this obviously was within fifteen years from the date fixed as the commencement of the encroachment, it did not toll the statute for several reasons: (1) (From the decision) " The building, on the evidence most favorable to the plaintiff, was erected in 1922, and was at all of the intervening time to November 8, 1938, in the continued adverse occupancy and possession of the defendant Nielsen and her immediate predecessors in title." (2) That he was not a necessary party defendant for the reason that he had leased the premises to the present plaintiff. (3) That his interest in the premises had been sold under an execution. (4) That defendant Nielsen was a mortgagee entitled to possession through default.

Discussing these in the order named: The mother of Charles and LeRoy received these premises under the will of her father in

1882. She devised them to her two sons in 1906. Charles and his wife conveyed them to LeRoy in 1917. July 11, 1922, LeRoy conveyed them to the Festina Realty Corp., Inc. In 1930 that corporation executed a mortgage to the Bankers Trust Company as trustee for the benefit of the defendant Nielsen, and conveyed the premises to LeRoy, subject to the mortgage. He remained the owner thereof until such time as his title was divested by a sale under the execution or under the judgment in the mortgage foreclosure.

The lease is unquestioned, but the owner of the fee, as well as the tenant, is a necessary and proper party in an action of this character. (*Finnegan* v. *Carraher*, 47 N. Y. 493.) The opinion in that case states (p. 497): " The question was made as if the tenant was not only a necessary party, but as if he must have been the sole defendant, which was not the case. He was only one of the two proper and necessary parties, the defendant [the owner] being the other."

Execution was issued on September 28, the sale had on November 21, the sheriff's certificate of sale recorded in the Warren county clerk's office on December 21, 1934. The sheriff's deed was dated June 19, 1936, and recorded on May 17, 1937. " The deed conveys to the grantee therein the right, title and interest which was sold by the sheriff." (Civ. Prac. Act, § 748.) The certificate of sale of real property by a sheriff is a chose in action and not a muniment of title, and is assignable like other instruments of that character. (*Wood* v. *Morehouse*, 45 N. Y. 368, 378.) Service of the summons and complaint upon LeRoy was made three days before his title was divested by the giving of the sheriff's deed.

LeRoy was in default upon the mortgage much earlier, but the action to foreclose was not commenced until October 14, 1936, when a receiver was appointed. This was nearly four months after the summons and complaint had been served. As indicating the understanding of Nielsen at the time of the foreclosure one of her present attorneys who also represented her in the foreclosure action stated in an affidavit that LeRoy was the owner of the fee and was in possession of the premises and collecting the rent.

Thus it seems that at the date of the service of the summons and complaint upon LeRoy, he was the owner of these premises and in possession as such, and was a necessary and proper party in the ejectment action, and that service upon him tolled the statute. When he was divested of the title, the new owner was brought in under an order of the court.

Before the decision the plaintiff made a motion to be permitted to introduce additional testimony. Under the conclusion reached, that appeal presents no issue and should be dismissed.

The judgment should be reversed on the law and facts, with costs to the appellant to abide the event, and a new trial granted.

The findings contained in the decision-opinion at variance with the foregoing opinion are reversed, and this court finds that the action was brought within the time prescribed by the Civil Practice Act.

SCHENCK and FOSTER, JJ., concur; CRAPSER, J., dissents and votes to affirm in a memorandum; HEFFERNAN, J., dissents and votes to affirm.

CRAPSER, J. (dissenting).   I am unable to agree with Presiding Justice HILL's recommendation and opinion for reversal.

He says: "Service of the summons and complaint upon LeRoy was made three days before his title was divested by the giving of the sheriff's deed."

The proceeding which led to the giving of the sheriff's deed was the issuing of the execution on September 28, 1934.   All his right, title and interest in the lands now occupied by the defendant Nielsen was sold by the sheriff of Warren county under said execution on November 21, 1934, and the same was conveyed by said sheriff to Ella Aldridge Stoddard by sheriff's certificate of sale dated November 21, 1934.   The certificate was subsequently recorded in the Warren county clerk's office on December 21, 1934.   His time for redemption of said property of said sale expired on December 21, 1935.   (Civ. Prac. Act, §§ 724, 725.)

He was not served until June 16, 1936.   The sheriff's deed was dated June 19, 1936, and recorded May 17, 1937; therefore, he was served three days before the sheriff's deed was dated; however, his time to redeem had expired on December 21, 1935.

Section 718 of the Civil Practice Act reads as follows:

"Vesting of title to real property sold.   The right and title of the judgment debtor, or of a person holding under him, or deriving title through him, to real property sold by virtue of an execution is not divested by the sale, until the expiration of the period within which it can be redeemed, as prescribed in this article, and the execution of the sheriff's deed.   But if the property is not redeemed, and a deed is executed in pursuance of the sale, the grantee in the deed is deemed to have been vested with the legal estate from the time of the sale."

The title of a judgment debtor to lands sold on execution is not divested until the sheriff's deed is executed but after the expiration of the time for redemption the purchaser acquires an equitable title subject only to the rights of possession of the judgment debtor. This inchoate title of the purchaser of lands on execution after

the expiration of the time for redemption by the judgment debtor is such an interest and title as entitles the purchaser to maintain an action for the cancellation of instruments or incumbrances, which within the doctrine of courts of equity are clouds upon the title. (*Remington Paper Co.* v. *O'Dougherty,* 81 N. Y. 474; *Chadeayne* v. *Gwyer,* 83 App. Div. 403.)

I, therefore, dissent from the opinion of Presiding Justice HILL for reversal and vote to affirm the judgment appealed from.

Judgment reversed on the law and facts, with costs to the appellant to abide the event, and a new trial granted.

The findings contained in the decision-opinion at variance with the prevailing opinion are reversed, and this court finds that the action was brought within the time prescribed by the Civil Practice Act.